UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
BERNARDO BETTINELLI, et al,      )
     Plaintiffs,                 )
                                 )
     v.                          )     C.A. No. 09-11079-MLW
                                 )
WELLS FARGO HOME                 )
MORTGAGE, INC.,                  )
     Defendant.                  )


JOSEPH HENNING,                  )
     Consolidated Plaintiff,     )
                                 )
     v.                          )     C.A. No. 09-11053-MLW
                                 )
WACHOVIA MORTGAGE, FSB,          )
     Consolidated Defendant.     )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                              July 23, 2010

On March 2, 2010, pursuant to Federal Rule of Civil Procedure 42(a)(2), the court consolidated two cases, Bettinelli, et al v. Wells Fargo Home Mortgage, Inc. (09-11079-MLW) and Henning, et al v. Wachovia Mortgage, FSB (09-11053-MLW), and named Bettinelli as the lead case. See Mar. 2, 2010 Elec. Ord.[1]  These cases contain substantially similar allegations concerning Payment Option ARMs[2] ("POAs") for which Wachovia is allegedly responsible. Compare, e.g., Bettinelli First Amended Compl. at ¶¶10-18 and ¶¶29-31, with

---

[1] Prior to consolidation, Henning was before District Court Judge Michael A. Ponsor.

[2] An "ARM" is an adjustable-rate mortgage.

1

Henning Amended Compl. at ¶¶20-28 and ¶¶32-33, 36; see also Ex. 5 to Bettinelli Emergency Motion to Consolidate (listing, among other things, the sections of the Bettinelli First Amended Complaint which were, in large part, copied in the Henning Amended Complaint). Given the "striking similarity" between the class allegations in Henning and Bettinelli, "the [two] cases [are] subject to similar dispositive motion practice and class certification issues." See Gilliam v. Fidelity Management & Research Co., No. 04-11600, 2005 WL 1288105, at *5 (D. Mass. May 3, 2005) (consolidating five similar class actions). By consolidating the cases, the court sought to streamline these processes, conserving party resources and promoting judicial economy.

On May 10, 2010, the court scheduled a hearing for August 6, 2010, to address Wachovia's pending motion to dismiss the Bettinellis' first amended complaint and to schedule any remaining events. See May 10, 2010 Notice; May 10, 2010 Elec. Notice.

The Bettinellis have since filed a motion seeking leave to file a second amended complaint (the "Motion"). Defendant Wachovia Mortgage, FSB ("Wachovia"),[3] filed a Response, asserting that the

---

[3] Wachovia and Wells Fargo Home Mortgage, Inc., merged effective December 31, 2008. Therefore, while there are currently different named defendants in Henning and Bettinelli, the parties agree that Wachovia is the proper common defendant. See, e.g., Bettinelli Proposed Second Amended Compl. at 1 (stating that the action is being brought against "World Savings Bank, FSB, now known as Wachovia Mortgage, FSB ('Defendant' or 'Wachovia')").

Motion should be denied without prejudice or, in the alternative, that proceedings should be stayed. The Bettinellis filed a Reply. The consolidated plaintiff, Joseph Henning, made no filing with regard to the Motion and has not communicated with the court since the consolidation order. However, in the Motion and in their Reply to Wachovia's Response, the Bettinellis state that they attempted to file a consolidated complaint with Henning, but that Henning's counsel would not agree to that course of action. Motion at ¶4; Reply at 1-2.

In an effort to fairly and efficiently adjudicate these consolidated cases, it is hereby ORDERED that:

1. Pursuant to Rule 15(a)(2), the court is inclined to allow the Motion for Leave to File a Second Amended Complaint (<u>Bettinelli</u>, Docket No. 25), but is not doing so now. To assist the court in making this decision, by August 2, 2010, at 12:00 noon, Bettinelli and Wachovia shall file memoranda further addressing the implications of the proposed amended complaint for Wachovia's pending motion to dismiss and any other relevant considerations.

2. Pursuant to Rule 42(a)(3), the court is inclined to order that plaintiffs in <u>Bettinelli</u> and <u>Henning</u> file a consolidated amended complaint. By July 30, 2010, plaintiffs in each action shall file, jointly if possible, but separately if necessary, a report stating whether they consent to filing a consolidated

complaint and stating the reasons why they believe that filing a consolidated complaint is, or is not, in the best interests of the parties. If both sets of plaintiffs do not consent to filing a consolidated complaint, the court will hear argument on this issue at the August 6, 2010 hearing.

3. Because the plaintiffs in Henning and Bettinelli seek to certify nearly identical classes with respect to state law claims, (compare Henning Amended Compl. at ¶53, with Bettinelli First Amended Compl. at ¶63; Bettinelli Proposed Second Amended Compl. at ¶108), the court is considering whether it is appropriate, pursuant to Rules 42(a)(3) and 23(g)(3), to appoint interim class counsel concerning the putative class of Massachusetts residents, pending the potential appointment of class counsel pursuant to Rule 23(g)(1)-(2). See Manual for Complex Litigation, Fourth, §21.11 at 246 (Federal Judicial Center 2004) (recognizing appointment of interim class counsel may be appropriate when "overlapping, duplicative or competing suits" exist). By August 2, 2010, at 12:00 noon, any attorney or firm interested in serving as interim class counsel shall file a memorandum and affidavit stating why he or it should be selected, if the court makes such an appointment. See Fed. R. Civ. P. 23(g)(1) (listing criteria for appointment of class counsel); Fed. R. Civ. P. 23(g)(2) ("[I]f more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class").

4.  By August 2, 2010, at 12:00 noon, Wachovia shall file an updated report on the possibility that these cases will be transferred to the multidistrict proceeding, <u>In re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing and Sales Practice Litigation</u>, MDL No. 2015, which is now pending in the Northern District of California.

5.  As previously ordered, these cases are consolidated for all purposes, <u>Bettinelli</u>, Case No. 09-cv-11079-MLW, is the lead case, and the parties shall file all future pleadings in Case No. 09-cv-11079-MLW.

  /s/ Mark L. Wolf          
UNITED STATES DISTRICT JUDGE
