## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

—————————————————————

|  |  |  |
|---|---|---|
| BERNARDO BETTINELLI and | ) | |
| CAROL G. BETTINELLI, | ) | |
| MARIO O. PIEDRA, and | ) | |
| MARIA PIEDRA, DELMY BARRERA, | ) | |
| and all others similarly situated, | ) | **C.A. NO. 09-11079-MLW** |
|  | ) | |
|  | ) | |
| Plaintiffs | ) | |
|  | ) | |
| v. | ) | |
|  | ) | **Leave to File Granted** |
|  | ) | **October 18, 2010** |
| WORLD SAVINGS BANK FSB, | ) | |
| N/K/A WACHOVIA MORTGAGE FSB, | ) | |
|  | ) | |
|  | ) | |
| Defendant | ) | |
|  | ) | |

—————————————————————

## SUPPLEMENTAL MEMORANDUM ON THE IMPACT OF RECENTLY ENACTED LEGISLATION ON WACHOVIA'S MOTION TO DISMISS

In its motion to dismiss, Defendant, World Savings Bank, N.A., n/k/a Wachovia

Mortgage FSB ("Wachovia"), asserts that Plaintiffs' state-law unfair trade practice claims

pursuant to M.G.L. c. 93A *et seq.*, (and related common law claims) arising from its Payment

Option Arm ("POA") origination and collection procedures are preempted by the federal Home

Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461 *et seq.*   As support for this position,

Wachovia relies exclusively on a regulation enacted by the Office of Thrift Supervision ("OTS")

in which the agency unilaterally declared that "OTS hereby occupies the entire field of lending

regulation for federal savings associations," 12 C.F.R. § 560.2(a).  While Wachovia has

steadfastly declined to pin itself down on the type of preemption it asserts, it makes no serious

claim of preemption other than that the HOLA statute "occupies the field" on the basis of the

OTS regulation. See *Weaver's Cove Energy, LLC v. Rhode Island Coastal Resources Management Council,* 589 F.3rd 458, 472-473 (1$_{st}$ Cir. 2009) (describing categories into which different preemption claims fall). More importantly, Wachovia points to nothing in the HOLA statute itself to support its claim of preemption but rather relies exclusively on the legislation.

Plaintiffs, for their part, have explained that their claims are not preempted even if the OTS regulation is given effect, because HOLA was never intended to override the types of generally applicable state laws that "undergird commercial transactions." See Plaintiffs' Opposition to Motion to Dismiss Second Amended Complaint at pp. 13-16. [Docket No. 50.] Plaintiffs have also never conceded that the OTS regulation was validly enacted pursuant to authority delegated to it by Congress under HOLA.

The purpose of this supplemental brief is to address the latter point based on recently enacted legislation.  Congress's enactment of the Dodd-Frank Wall Street Reform and Consumer Protection Act (hereafter, "Dodd-Frank"), Pub. L. No. 111-203 on July 23, 2010, makes clear that Plaintiffs' claims are not preempted because HOLA does not *and never has* occupied the field of consumer lending by federal savings associations such as World Savings. Dodd-Frank includes a provision titled "State Law Preemption Standards for Federal Savings Associations *Clarified.*" *See* Pub. L. No. 111-203 § 1046 (emphasis added).  In this provision, Congress clarifies that HOLA "does not occupy the field in any area of state law," Pub. L. No. 111-203 § 1046(a)/6(b)), and that preemption under HOLA arises only through principles of implied conflict preemption under the same statutory and case-law standards applying to national banks. Pub. L. No. 111-203 § 1046(a)/6(b) (referencing § 1044(a)/5136(b)).  This clarification by Congress confirms that Plaintiffs are correct that HOLA, which has been silent concerning preemption of state fraud, unfair trade practice and other state laws of general applicability since

its enactment in 1933, never has occupied or authorized OTS to occupy the field in the area of consumer lending by federal savings associations.[1]

In light of the foregoing Congressional clarification, the OTS's unilateral declaration of field preemption of state laws in 1996 was not statutorily authorized, and thus the preemption regulation invoked by Wachovia here is not valid or enforceable. "[S]ubsequent legislation declaring the intent of an earlier statute is entitled to great weight in statutory construction." *Loving v. U.S.*, 517 U.S. 748, 770 (1996) (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 118 n.13 (1980)); *see also Beverly Comm. Hosp. Ass'n v. Belshe*, 132 F.3d 1259, 1265 (9th Cir. 1997) ("It has been established law since nearly the beginning of the republic . . . that congressional legislation that thus expresses the intent of an earlier statute must be accorded great weight . . .") (citations omitted).

In addition, the Supreme Court long has recognized and recently reaffirmed that, in determining whether a federal law preempts state laws:

> Our answer to that question must be guided by two cornerstones of our pre-emption jurisprudence. First, 'the purpose of Congress is the ultimate touchstone in every pre-emption case.' Second, 'in all pre-emption cases, and particularly in those in which Congress has legislated in a field which the States have traditionally occupied, we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'

*Wyeth v. Levine*, *supra*, 129 S. Ct. 1187, 1194-95 (2009) 129 S. Ct. at (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996) (internal citations omitted).[2]

---

[1] The Dodd-Frank Act also *abolishes* the Office of Thrift Supervision altogether, Pub. L. No. 111-203 § 313, transferring its authority to regulate federal savings associations to other administrative entities of the executive branch, Pub. L. No. 111-203 § 312(b).

[2] Notably, from its enactment in 1933 until its recent amendment, HOLA was silent with respect to preemption of a state laws of general applicability that regulate honesty, unfairness and deception in commercial transactions. Thus, any argument by Wachovia that the presumption against preemption does not apply under HOLA should be rejected. Wachovia has relied on

Because Congress's purpose is paramount and in light of the presumption that state laws are not preempted unless that is Congress's clear intent, the Dodd-Frank clarification establishes that field preemption was never the Congressional purpose pursuant to HOLA and that the agency acted outside its authority.  S*ee Wyeth v. Levine*, 129 S. Ct. 1220-1201 (declining to find preemption based on FDA regulation that was not within its statutory authority). *Cf. Cuomo v. The Clearing House Ass'n, LLC*, 129 S. Ct. 2710, 2721 (2009) (invalidating Office of the Comptroller of the Currency regulation purporting to preempt state laws allowing enforcement actions by state attorney generals as unsupported by federal statute regulating national banks).

Additionally, in expressly disavowing any application of occupation-of-the-field preemption under HOLA, the Dodd-Frank Act also clarifies that the correct preemption standard for state-law claims against federal savings associations is the same as that applicable to national banks.  Pub. L. No. 111-203 § 1046(a) ("Any determination by a court . . . regarding the relation of State law to a provision of this Act or any regulation or Order prescribed under this Act shall be made in accordance with the laws and legal standards applicable to national banks regarding

---

*Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008), which found that, "'because there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable'" under HOLA.  *Id*. at 1005 (quoting *Bank of Am. v. City and County of San Fran.*, 309 F.3d 551, 559 (9th Cir. 2002)).  However, the Supreme Court in *Wyeth* subsequently addressed this exact argument as a grounds for discarding the presumption against preemption in cases involving prescription drug labeling, *and squarely rejected the argument*:

> Wyeth argues that the presumption against pre-emption should not apply to this case because the Federal Government has regulated drug labeling for more than a century.  That argument misunderstands the principle: We rely on the presumption because respect for the States as 'independent sovereigns in our federal system' leads us to assume that 'Congress does not cavalierly pre-empt state-law causes of action.'  The presumption thus accounts for the historic presence of state law but does not rely on the absence of federal regulation.

*Wyeth*, 129 S. Ct. at 1195 n.3 (quoting *Medtronic*, *supra*, 518 U.S. at 485).  Thus, the Ninth Circuit's rejection of the presumption against preemption in *Silvas* does not survive the Supreme Court's subsequent rejection of its reasoning for doing so in *Wyeth*.

the preemption of State law.").  The Act defines this standard as follows:

> State consumer financial laws are preempted, only if—
>
> (A) application of a State consumer financial law would have a discriminatory effect on national banks, in comparison with the effect of the law on a bank chartered by that State;
>
> (B) in accordance with the legal standard for preemption in the decision of the Supreme Court of the United States in *Barnett Bank of Marion County, N.A. v. Nelson, Florida Insurance Commissioner*, et al., 517 U.S. 25 (1996), **the State consumer financial law prevents or significantly interferes with the exercise by the national bank of its powers; and any preemption determination made under this subparagraph may be made by a court, or by regulation or order of the Comptroller of the Currency on a case-by-case basis in accordance with applicable law;** or
>
> (C) the State consumer financial law is preempted by a provision of Federal law other than this title.

Pub. L. No. 111-203 § 1044/5136C(b)(1) (emphasis added).

None of these possible standards for finding preemption of state law applies here.  The third provision clearly does not apply because Wachovia never has argued that preemption under any other statute applies; nor could they seriously do so.  Likewise, the first "non-discrimination" standard also clearly does not apply because Plaintiffs' claims are based not on a state-law standard applicable only to federally regulated banking institutions, but rather on Massachusetts laws applicable to virtually all commercial transaction and/or lenders.

Finally, with respect to the second (*Barnett Bank)* standard for finding conflict preemption if a state law "prevents or significantly interferes with the exercise by the [federal savings association] of its powers," Wachovia does not and cannot identify any such power with which application of the Massachusetts' general consumer protection standards applicable here would significantly interfere.  Neither Congress nor OTS (nor any other federal banking regulator) has ever empowered federal savings associations or national banks to defraud

consumers by "***telling half-truths calculated to conceal***" material information when making

home mortgage loans.  To the contrary, HOLA always has required OTS to ensure that federal

savings associations "***provide credit for housing safely and soundly.***"  12 U.S.C. § 1463(a)(3)

(emphasis added).  The state-law fraud standards invoked by Plaintiffs here thus do not interfere

with, but rather *advance* the federal statutory purposes of HOLA by helping to ensure the safe

and sound provision of credit for housing on terms accurately and honestly conveyed to

consumers.  *See In re Ocwen Federal Bank Loan Servicing Litig.,* 491 F.3d 638 (7th Cir. 2007).

Since Wachovia does not and cannot assert a federal preemption defense outside of the

sweeping but wholly unauthorized OTS occupation-of-the-field preemption regulations, their

preemption arguments in this litigation fail.  Congress's recent enactment of the Dodd-Frank Act

mandates this conclusion by expressly clarifying that HOLA never has occupied the field of

consumer lending regulation applicable to federal savings associations.

Finally, Plaintiffs believe that Wachovia's recent settlement of POA claims with various

state Attorneys General (not including the Commonwealth of Massachusetts) demonstrates its

awareness that state regulatory action in connection with its POA lending activities is not

preempted. See

http://online.wsj.com/article/SB10001424052748703735804575536340142408472.html (Wall

Street Journal Report);

http://www.bloomberg.com/apps/news?pid=conewsstory&tkr=WFC:US&sid=a69AWF8l3GVQ

(Bloomberg Report).

## CONCLUSION

For all of the reasons set forth herein, Wachovia's arguments for dismissal of Plaintiffs'

state-law claims based on federal preemption fail and should be rejected.

Respectfully Submitted,

BERNARDO AND CAROL G. BETTINELLI,
MARIO O. AND MARIA PIEDRA AND
DELMY BARRERA,

By their attorneys,
*/s/ Gary Klein*
Gary Klein BBO # 560769
Shennan Kavanagh # 655174
Kevin Costello # 669100
Roddy Klein & Ryan
727 Atlantic Ave., 2nd floor
Boston, MA  02111
Tel. 617-357-5500 x 15
Fax. 617-357-5030
klein@roddykleinryan.com
*Attorneys for the Plaintiffs*

Dated: October 18, 2010

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on October 18, 2010.

*/s/ Gary Klein*
Gary Klein

7